**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| MHC TRUCK LEASING, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-23-CV-128-KC |
| § | |
| EMS SERROT, LLC, § | |
| § | |
| Defendant. § | |

## ORDER

On this day, the considered Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 10. For the reasons set forth below, the Motion is **GRANTED**.

### I.   BACKGROUND

This case involves a claim for breach of contract. Plaintiff rents and leases commercial vehicles, and Defendant is a commercial motor carrier. *See* Am. Compl. ¶¶ 5–6, ECF No. 6. In the summer of 2021, Defendant entered two lease agreements with Plaintiff for four tractors, and in January 2023, the parties entered two rental agreements for two additional tractors. *Id.* ¶¶ 7–10. In February 2023, Defendant "defaulted on its obligations" by failing to pay what it owed under the leases and rentals, and it "wrongfully maintained possession of some or all" of the tractors. *Id.* ¶ 12. On March 9, Plaintiff demanded that Defendant pay what it owed, but Defendant neither paid nor responded. *Id.* ¶ 13.

About three weeks later, Plaintiff filed its Complaint, ECF No. 1, and on April 14, it filed its Amended Complaint. On April 17, Plaintiff requested that Defendant waive service, and Defendant agreed, but it failed to answer within sixty days of Plaintiff's request, as required by Federal Rule of Civil Procedure 12(a). *See* Waiver of Service of Summons, ECF No. 8. On

August 2, Plaintiff moved for entry of default and a default judgment; on August 3, it supplemented its request for a default judgment; and on August 4, the Clerk entered default.  *See* Mot. 1–2; Suppl. Mot. Default J. ("Suppl. Mot."), ECF No. 11; Clerk's Entry of Default, ECF No. 13.

## II.    STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  After the clerk enters default, a party may move for a default judgment.  *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).  In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8.  *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).  Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages.  *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).  District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B).  A hearing is unnecessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp.* v. *Freeman*,

605 F.2d 854, 857 (5th Cir. 1979).  As explained below, the damages here are capable of mathematical calculation, so a hearing is unnecessary.  *See id.*

## III. DISCUSSION

Plaintiff alleges that Defendant committed breach of contract.  Am. Compl. ¶¶ 15–17.  This claim arises under and is governed by Texas common law.  *See id.* ¶¶ 3, 15–17; *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 476 (5th Cir. 2022) (citation omitted).  "In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex. App. 2001)).

Plaintiff has alleged that it entered two rental agreements and two lease agreements with Defendant, for six tractors.  Am. Compl. ¶¶ 7–10.  The Court reasonably infers from Plaintiff's allegation that Defendant "maintained possession of some or all" of the tractors that Plaintiff delivered the tractors and performed its side of the contract.  *See id.* ¶ 12; *see also id.* ¶ 16.  Plaintiff also alleges that Defendant failed to pay for the rentals and leases, thus breaching its own obligations under the contract.  *Id.* ¶ 12.  And Plaintiff alleges that it sustained damages as a result—that is, the money owed but not paid.  *Id.* ¶ 19.  Plaintiff's allegations thus satisfy the four elements of a claim for breach of contract under Texas law.  *See Smith Int'l, Inc.*, 490 F.3d at 387.

Plaintiff seeks $95,391.63 in damages.[1]  Suppl. Mot. 1–2.  In support, it provides copies of its two lease agreements with Defendant and an invoice detailing the total amount owed under

---

[1] Plaintiff originally requested approximately $110,000, *see* Am. Compl. ¶ 17; Mot. Ex. A, at 2, ECF No. 10-1, but it is now seeking less because Defendant made an additional partial payment on its obligation with Plaintiff after this lawsuit was filed, *see* Suppl. Mot. 1–2.

the two rental agreements and two lease agreements. *See* Suppl. Mot. Ex. 1, ECF No. 11-1. Based on such documents, courts regularly award damages via default judgment without a hearing. *See e.g.*, *EW Polymer Grp., LLC v. GSX Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 239 (M.D. La. 2022); *Crown Distrib. LLC v. Ice Suppz, LLC*, No. 3:21-CV-1052-B, 2022 WL 1524119, at *6 (N.D. Tex. May 13, 2022) (citing *Can Cap. Asset Servicing, Inc. v. Azket E-Intel. LLC*, 2021 WL 2474159, at *4 (N.D. Tex. June 17, 2021)). The Court thus finds awarding damages without a hearing is appropriate in this case. And based upon a review of the documents attached to the Supplemental Motion, the Court finds Plaintiff is entitled to an award of $95,391.63 in damages. *See* Suppl. Mot. Ex. 1.

### IV.   CONCLUSION

For the reasons above, Plaintiff's Motion, ECF No. 10, is **GRANTED**.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff MHC Truck Leasing, LLC and against Defendant EMS Serrot, LLC. Defendant **SHALL PAY** Plaintiff $95,391.63.

The Clerk shall close the case.

**SO ORDERED**.

SIGNED this 16th day of August, 2023.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE